IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00250-FDW
(3:03-cr-00036-FDW-9)

| | |
|---|---|
| JAMAR BRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court following an initial review of Petitioner's motion to reconsider the dismissal of his motion to vacate, set aside or correct sentence which was filed pursuant to 28 U.S.C. § 2255. See (3:03-cr-00036, Doc. No. 379). After examining the Petitioner's motion for reconsideration, the Court finds that it is properly considered as a successive motion for relief under § 2255, and for the reasons that follow, the motion for reconsideration will be dismissed as unauthorized, successive petition.

I.  BACKGROUND

On May 16, 2006, Petitioner was sentenced in this District to a term of 204-months' imprisonment and a five-year term of supervised release following his conviction on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner did not appeal.[1] (Id., Doc. No. 192: Judgment).

---

[1] Petitioner pled guilty pursuant to a written plea agreement. Prior to the entry of his guilty plea, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851. In the § 851 notice, the Government alleged that Petitioner had three prior felony drug convictions which were sustained in North Carolina in Mecklenburg County Superior Court. The prior drug convictions subjected Petitioner to a mandatory term of life imprisonment under the provisions of 21 U.S.C. § 841(b). Petitioner's ultimate sentence, however, was greatly

1

On August 17, 2012, Petitioner filed a § 2255 motion to vacate his sentence and cited, among other authority, the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[2] Petitioner argued that following Simmons, his prior state drug convictions, which were the subject of the § 851 notice, no longer qualify as predicate felony convictions because he could not have received more than one year in prison under North Carolina's Structured Sentencing Act.[3] Petitioner also challenged his designation as a career offender again arguing that his prior felony drug convictions did not qualify as predicate offenses under § 4B1.1 of the U.S. Sentencing Guidelines Manual following Simmons. (3:12-cv-00525, Doc. No. 1: Petitioner's Motion to Vacate at 1-2).[4]

After conducting an initial review of Petitioner's § 2255 motion, the Court found that it was untimely as it was filed over seven (7) years after Petitioner's judgment became final. On November 26, 2012, Petitioner's § 2255 motion was dismissed, as were his alternative claims for relief, and he did not file an appeal until on or about September 2, 2013. On November 22, 2013, the Fourth Circuit dismissed the appeal after noting that it lacked jurisdiction over the appeal because it was not filed in a timely manner. See Brice v. United States, 546 Fed. App'x 323 (4th

---

reduced after the Court granted the Government's motion for a downward departure from the mandatory term of life imprisonment. (3:03-cr-00036, Doc. No. 186: Motion for Downward Departure).

[2] In Simmons, the Fourth Circuit held that in determining whether a defendant has been convicted of an offense that is punishable by more than one year, the sentencing court must examine the individual defendant that is before the court and not a hypothetical defendant. In so holding, the Fourth Circuit overruled its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense.

[3] A "felony drug offense" is defined, as relevant here, as any federal or state conviction that is punishable by more than one year in prison. See 21 U.S.C. § 802(44).

[4] Petitioner pleaded additional claims for relief pursuant to a habeas petition pursuant to 21 U.S.C. § 841, and through petitions for a writ of coram nobis and audita querela.

2

Cir. 2013) (unpublished).

II. DISCUSSION

In his motion for reconsideration, Petitioner renews his claim that he is entitled to sentencing relief based on the en banc Simmons opinion and he cites, among other authority, the Fourth Circuit's recent opinion in Miller v. United States, 745 F.3d 141 (2013), that was filed on August 21, 2013, and held that the en banc Simmons decision "announced a new substantive rule that is retroactive on collateral review. . ." Id. at 147.

As noted, Petitioner's initial § 2255 motion was dismissed on November 26, 2012, and the Fourth Circuit dismissed his appeal for want of jurisdiction. Petitioner's motion for reconsideration was filed on or about September 3, 2013, or roughly seven months after his time to appeal this Court's order of dismissal expired. The Court finds that Petitioner's motion for reconsideration, which raises the same Simmons claim as in his initial § 2255 motion, and cites additional authority, in particular, Miller v. United States, is in fact a successive challenge to his criminal judgment under the provisions of § 2255(h) because the judgment in his initial § 2255 proceeding was final long before he filed the present motion.[5] Because Petitioner is challenging the same criminal judgment as he did in his initial § 2255 proceeding and the judgment in the first proceeding was final at the time he filed his motion, he must demonstrate that he has authorization to proceed with a successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in

---

[5] The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002), overruling on other grounds recognized by, United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008)).

3

Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. Accordingly, this Court is without jurisdiction to consider the merits, if any, of the present § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d at 205.

For the foregoing reasons, Petitioner's motion for reconsideration will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DISMISSED without prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 22, 2015

Frank D. Whitney
Chief United States District Judge